# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CALVIN DWIGHT MADDEN** ) | |
| **AIS #233324,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:20-cv-837-ECM |
| ) | |
| **COLBERT COUNTY SHERIFF** ) | |
| **DEPT.,** *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the Court on a complaint filed by Calvin Dwight Madden, a state inmate currently incarcerated at the Kilby Correctional Facility. In this complaint, Madden challenges the constitutionality of his arrest by Colbert County, Alabama law enforcement officials and actions related to his conviction by the Circuit Court of Colbert County, Alabama on a criminal charge arising from this arrest. Doc. 1 at 2–3. Madden names the Colbert County Sheriff's Department, Frank Williamson, the Sheriff of Colbert County, and Bradley Skipworth and Curtis Burns, members of the Colbert County Drug Task Force, as defendants in this case. Doc. 1 at 1–2.

Upon review of the complaint and in light of the claims presented therein, the Court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).[1]

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (providing federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice").

Colbert County, Alabama is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the actions about which Madden

---

[1] Upon initiation of this civil action, Madden filed an application for leave to proceed *in forma pauperis*. Doc. 2. The Court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

complains occurred in the Northern District of Alabama. Moreover, the complaint indicates that the individuals listed as defendants reside in the Northern District of Alabama. In light of the foregoing, the Court finds that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **November 2, 2020**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the

---

[2] In transferring this case, this Court makes no determination with respect to the merits of the plaintiff's claims for relief.

interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of October, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE